THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Kenneth Sellers, Employee,       
 Respondent,
 
 
 

v.

 
 
 
C.D. Walters Construction, Employer, and Capitol City Insurance Co., 
 Carrier,        Appellants.
 
 
 

Appeal From Charleston County
J. C. Buddy Nicholson, Jr., Circuit 
 Court Judge

Unpublished Opinion No. 2003-UP-718
Submitted October 15, 2003  Filed December 11, 2003 

APPEAL DISMISSED

 
 
 
James Robert Porter, Jr., and Joseph Hubert Wood, III, both 
 of Charleston, for Appellants.
Daniel A. Beck, and Etta K. Simons Collins, both of Charleston, 
 for Respondent.
 
 
 

PER CURIAM:  C. D. Walters Construction 
 and Capital City Insurance Co., (collectively Appellants) appeal from the circuit 
 courts affirmance of the South Carolina Workers Compensation Commissions 
 order holding Appellants responsible for Kenneth Sellerss continued epidural 
 treatment and remanding the matter to the single commissioner for a determination 
 of Sellerss entitlement to compensation for permanent partial disability and 
 Appellants entitlement to credit for overpayment of temporary total disability.  
 We find the matter is not immediately appealable and, therefore, dismiss the 
 appeal.  
FACTUAL/PROCEDURAL BACKGROUND
Sellers suffered an injury by accident 
 on September 5, 2000. [1]   After 
 initially denying the claim, Appellants entered into a consent order with Sellers.  
 In the consent order, the parties agreed Sellers had sustained an injury to 
 his mid-back only and he was entitled to medical care for this injury and temporary 
 total disability benefits beginning December 15, 2000.  Thereafter, Appellants 
 filed a Form 21, Application to Stop Payment of Temporary Disability Compensation 
 asserting Sellers had reached maximum medical improvement (MMI).  
 The Single Commissioner held the parties 
 were bound by the consent order and although Sellers was precluded from receiving 
 benefits for any problems he was having as of March 21, 2001, he was not precluded 
 from receiving benefits for any causally related conditions that might have 
 presented or may yet present after the date of the consent order for as long 
 as the claim remains active or open.  The commissioner held Sellers had failed 
 to prove entitlement to benefits for anything other than injury to his mid-back 
 as a result of the September 5, 2000 accident and he had not reached MMI for 
 this injury.  She ordered Appellants to continue to be responsible for Sellerss 
 treatment for his mid-back injury.  Although she ruled Sellers was not entitled 
 to weekly total temporary disability compensation after August 30, 2001, the 
 date of the hearing, she stated this did not prohibit a claim for temporary 
 partial disability compensation.  The commissioner ruled issues regarding credit 
 would be decided when there was a determination of permanency.  
Appellants appealed to the full commission, 
 which affirmed in part with amendments, reversed in part, and remanded to the 
 single commissioner.  The full commission held the consent order was valid and 
 constituted the law of the case.  It thereby reversed the findings of the single 
 commissioner that indicated or suggested otherwise and any corresponding ruling 
 of law.  The full commission also held the single commissioner erred in failing 
 to find Sellers had reached MMI for his mid-back injury.  In view of this finding, 
 it ruled Appellants were entitled to stop payment of temporary disability compensation.  
 However, the full commission ruled Appellants were responsible for paying for 
 Sellerss continued epidural injections as they are beneficial to [Sellers] 
 and tend to lessen his causally related period of disability associated with 
 his mid-back injury sustained on September 5, 2000.  Finally, the full commission 
 remanded to the single commissioner the issues of Sellerss entitlement of compensation 
 for permanent disability or permanent loss of use of a scheduled body member 
 and Appellants entitlement to credit for overpayment of temporary disability 
 compensation.  Appellants appealed to the circuit court, which affirmed the 
 order of the full commission.  This appeal followed.  
DISCUSSION
Under Montjoy v. Asten-Hill Dryer Fabrics, 
 316 S.C. 52, 446 S.E.2d 618 (1994), an order of the circuit court remanding 
 a case for additional proceedings before an administrative agency is not directly 
 appealable.  In the present case, the circuit court affirmed the decision of 
 the full commission remanding the case to the single commissioner for additional 
 proceedings on the issues of compensation for permanent disability and credit 
 for overpayment of temporary disability compensation.  As the circuit courts 
 affirmance of the commission order results in remand to the single commissioner, 
 this order is not directly appealable.  
 APPEAL DISMISSED.  
HUFF, STILWELL, and BEATTY, JJ., concur.

 
 [1]    Sellers had suffered a previous compensable 
 injury while working for the same employer on September 17, 1999.  The parties 
 settled this claim on January 19, 2001.